Patrick N. Keegan, Esq. (SBN 167698)
pkeegan@keeganbaker.com
James M. Treglio, Esq. (SBN 228077)
jtreglio@keeganbaker.com
**KEEGAN & BAKER, LLP**
6156 Innovation Way
Carlsbad, CA 92009
Tel:     (760) 929-9303
Fax:    (760) 929-9260

Walter Haines, Esq. (SBN 71075)
walter@whaines.com
**THE UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Ste 201
Huntington Beach, CA 92649
Telephone: (310) 234-5678
Facsimile: (562) 256-1006

Attorneys for Plaintiff
SERGIO MARQUEZ

# UNITED STATES DISTRICT COURT

## BY AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MARQUEZ, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a National Association with its principle place of business in North Carolina;<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sergio Marquez (hereinafter "Plaintiff" or "Marquez") by his attorneys, individually and on behalf of others similarly situated, alleges upon personal knowledge as to himself and his acts stated herein, and as to all other matters upon information and belief as follows:

1.  This class action arises from Defendants' acquisition and use of credit reports and investigative consumer reports (referred to collectively as "consumer reports") to conduct background checks on Plaintiff and other prospective, current, and former employees. Defendants routinely obtain and use information from consumer reports in connection with their hiring practices without complying with the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), and the Investigative Consumer Reporting

Agencies Act, California Civil Code § 1786, et seq. ("ICRAA"). Plaintiff, individually and on behalf of all others similarly situated, seeks general, compensatory, and punitive damages due to Defendants' systematic and willful violation of the FCRA and the ICRAA, as well as injunctive and declaratory relief for Defendants' violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1581p. The Court also has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of the Court and Plaintiff is informed and believes that Defendant Bank of America, N.A., at all times mentioned herein has maintained a regional headquarters in San Francisco, California, has transacted business in this judicial district, in County of San Francisco and in the State of California. Moreover, by doing business in this judicial district and committing the statutory violations alleged herein in this judicial district, Defendant Bank of America, N.A.,'s conduct has had an adverse effect upon the finances of residents of this judicial district.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and (c) because as a corporation Defendant is "deemed to reside in any judicial district in which [they are] subject to personal jurisdiction," and because the alleged acts giving rise to the statutory violations alleged herein arose in this judicial district. Further, Plaintiff is informed and believes that Defendant Bank of America, N.A., keeps and maintains a regional headquarters in San Francisco, California.

## PARTIES

**A.    PLAINTIFF**

4.      Plaintiff Sergio Marquez is an United States citizen and is domiciled in the state of California. In October of 2016, Plaintiff Marquez applied for a position as a Mortgage Loan Officer with the Defendant, Bank of America, N.A., was subject to an investigative consumer report conducted by the Defendant, and was denied employment by Defendant Bank of America, N.A., due to the appearance of a misdemeanor conviction from 1993, which was later dismissed pursuant to Cal. Penal Code §1203.4(a).

/ / /

/ / /

**B.    DEFENDANTS**

5.    Defendant Bank of America is a National Association, registered in Delaware, with its principal place of business located in Charlotte, North Carolina. Further, at all relevant times hereto, Bank of America has done business in California and in this judicial district and Plaintiff is informed and believes that Bank of America keeps a regional headquarters at 555 California Street, San Francisco, California.

## COMMON FACTUAL ALLEGATIONS

6.    This case arises out of Defendant's unlawful policies and procedures by which it obtains and uses consumer reports of applicants seeking employment but fails to provide applicants with the statutorily required disclosures, conducts investigative consumer reports for an impermissible purpose, and does not lacks the privacy policy required by law.  Further, the investigative consumer reports include convictions that occurred more than seven years prior to the investigative consumer report was generated. For these violations, Plaintiff and members of the Class are seeking statutory damages of $100 to $1,000 under the FCRA, actual damages under the ICRAA, and injunctive relief and restitutionary disgorgement under the UCL.

7.    Defendant Bank of America is a "person" under the FCRA, as defined by 15 U.S.C. § 1681a(b). Plaintiff and all those similarly situated qualify as "consumers" as defined by 15 U.S.C. § 1681a(c). As a matter of policy and practice, Defendant obtains and uses consumer reports on applicants seeking employment with Bank of America. The consumer reports used by Defendants qualify as "consumer reports" under the FCRA, as defined by 15 U.S.C § 1681a(d) because the reports indicate the consumer's credit worthiness, credit standing, credit capacity, character, general reputation, or mode of living, and are used to consider the consumer for employment. These reports also qualify as an "investigative consumer report" under Cal. Civil Code § 1786.2(c).

8.    During the Class Period, Plaintiff and each putative class member applied for employment with Bank of America. As a matter of policy and practice, Bank of America requires all applicants to undergo an investigative consumer report, which can be conducted by Bank of America's Corporate Security department. Bank of America's disclosures to Plaintiff, and other applicants, do not indicate that in conducting the investigative consumer report Bank of America will consider convictions for misdemeanors that occurred more than seven years prior to the application, and which have been legally expunged.

9.     As a result of Defendant's wrongful acts and omissions, Plaintiff and others similarly situated have been injured including, without limitation, having their privacy and statutory rights violated in violation of the FCRA and the ICRAA. Plaintiff seeks, on behalf of himself and all others similarly situated, statutory, actual, and compensatory damages, punitive damages, injunctive relief, and expenses of litigation including costs and attorney fees.

## CLASS ACTION ALLEGATIONS

10.     This action has been brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because the proposed class is easily ascertainable and there is a well-defined community of interest in the litigation, as described further below.

11.     Plaintiff brings this action on behalf of himself and all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. Without prejudice to later revision, the class which Plaintiff seeks to represent are composed of:

Class I (FCRA Applicant Class):

All persons who applied for employment with Bank of America commencing from two (2) years immediately preceding the filing of this lawsuit who (i) applied for employment with Bank of America; (ii) were the subject of a consumer report used by Bank of America for employment purposes; (iii) had the consumer report contain information on convictions occurring more than seven years prior to the consumer report; and (iv) were the subject of an adverse employment action by Bank of America.

Class II (ICRAA Applicant Class):

All California citizens who applied for employment with Bank of America commencing from four (4) years immediately preceding the filing of this lawsuit who (i) applied for employment with Bank of America; (ii) were the subject of a consumer report used by Bank of America for employment purposes; (iii) had the consumer report contain information on convictions occurring more than seven years prior to the consumer report; and (iv) were the subject of an adverse employment action by Bank of America.

12.     Members of the Classes and Subclasses described above will be referred to as "class members." Plaintiff reserves the right to amend or modify the class definition(s) and to add additional subclasses as appropriate. Defendants and their shareholders, officers, directors, and managing agents are excluded from the Class. Plaintiff reserves the right under Rule 23 to amend or modify the Class definition and Class Period with greater particularity or further division into subclasses or limitation to particular issues as warranted as additional facts are discovery by Plaintiff during his future investigations.

/ / /

13.     <u>Numerosity</u>: This action is properly maintainable as a class action. Although Plaintiff does not, as yet, know the exact size of each class and subclass, based upon the nature of the Defendants' business, Plaintiff believes that there are numerous Class members, and that Class members are geographically dispersed throughout the United States of America. Thus, each class and subclass is sufficiently numerous to make joinder impracticable, if not completely impossible. The disposition of the claims of the members of each class and subclass through this class action will benefit both the parties and this Court. In addition, each class and subclass is readily identifiable from information and records in the possession of Bank of America, the members of each class and subclass, and third parties.

14.     <u>Commonality</u>: There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to each class and subclass predominate over questions which may affect individual class and subclass members, including the following:

(a) Whether the investigative consumer reports contained information regarding misdemeanor convictions older than seven years, and/or information regarding arrests that did not lead to convictions;

(b) Whether Defendants willfully violated the FCRA, requiring statutory damages pursuant to 15 U.S.C. § 1681n(a);

(c) Whether Defendants' conduct in violation of the FCRA, requiring statutory damages of $100 to $1,000 per Class Member pursuant to 15 U.S.C. § 1681n(a)

(d) Whether Defendants' conduct as described herein constitutes a violation of the UCL;

(e) Whether Plaintiff is entitled to injunctive relief; and

(f) Whether Defendants are liable for attorney fees and costs.

15.     <u>Typicality</u>: Plaintiff and the Class members' claims for restitution and damages arise from and were caused by Bank of America denial and failure to provide adequate notice under the FCRA and ICRAA, the Defendants unlawfully obtaining the investigative consumer reports of Plaintiff and the members of the ICRAA Class, and the Defendants willfully providing information in the investigative consumer reports. For these violations, Plaintiff and members of Class I seek statutory damages of not less than $100 and not more than $1,000 per individual, and Plaintiff and members of Class II actual damages for violations of the ICRAA.

1      16.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interest that is contrary to or in conflict with those members of the Class he seeks to represent. Furthermore, Plaintiff has retained counsel experienced and competent in the prosecution of complex class action litigation involving the statutory violations alleged herein to further ensure such protection and he intends to prosecute this action vigorously.

       17.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class and would lead to repetitious trials of the numerous common questions of fact and law. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is far superior to other available methods for the fair and efficient adjudication of this controversy.

       18.     Superiority: The nature of this action and the nature of laws available to Plaintiff and the members of Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class for the claims alleged and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court because:

       (a)     The individual damages involved are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

       (b)     Questions of law and fact common to the Class predominate over questions which may affect individual members of the Class;

       (c)     If each member of the Class were required to file an individual lawsuit, the Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual member of the Class with its vastly superior financial and legal resources;

       (d)     The costs of individual suits could unreasonably consume the amounts that would be recovered;

       (e)     Proof of a common business practice or factual pattern which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each of the members to recover on the causes of action alleged; and

(f)     Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

19.     Notice to the members of the Class may be made by first-class mail addressed to all persons who have been individually identified by Defendant through access to Defendant's records. Alternatively, if Defendant cannot produce a list of Class members' names and addresses, the members of the Class may be notified by publication in the appropriate media outlets, and by posting notices in Defendant's places of business.

20.     Plaintiff and the Class have suffered irreparable harm and damages as a result of Defendants' wrongful conduct as alleged herein. Absent a representative action, Plaintiff and the Class will continue to suffer losses, thereby allowing these violations of law to proceed without remedy, and allowing Defendants to retain the proceeds of their ill-gotten gains.

21.     In addition, Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## PLAINTIFF SERGIO MARQUEZ

22.     Plaintiff SERGIO MARQUEZ is a licensed Mortgage Loan Officer, and licensed through the Nationwide Multi-State Licensing System (NMLS) and the State of California as a Mortgage Loan Originator since 2011. For each and every position as a Mortgage Loan Officer, Plaintiff was subject to an investigative consumer report and background check, including one by the Federal Bureau of Investigation. In order to be a licensed Mortgage Loan Officer with the State of California, Mr. Marquez was also required to undergo a criminal background check, as well as participate in annual continuing education through the NMLS.

23.     In October of 2016, Plaintiff was employed by Wells Fargo, N.A., and earning approximately $60,000 per year in commissions as a Mortgage Loan Officer, when he applied to become a Mortgage Loan Officer with Bank of America. Unlike Wells Fargo, N.A., the Mortgage Loan Officer position with Bank of America is not strictly commission based. Rather, all Mortgage Loan Officers receive $5,000 per month in salary, plus commissions. As a Mortgage Loan Officer with Bank of America, Plaintiff could reasonably expect to receive up to $120,000 per year in compensation, a significant increase in earnings.

/ / /

24.     After he applied, and interviewed for the position of Mortgage Loan Officer with Bank of America, Plaintiff received an offer letter from Bank of America which informed him that he would be hired subject to a credit check, a criminal background check (defined as an "investigative consumer report" under the FCRA and ICRAA), and an employment check. The position offered to Plaintiff would pay him approximately $120,000 per year, as well as provide benefits, including, but not limited to health insurance, dental insurance, vision insurance, life insurance, paid vacation and other benefits, such as discounted auto insurance, prepaid legal services, tuition reimbursement, adoption reimbursement, and elder care services.

25.     Since Plaintiff had undergone similar credit checks, criminal background checks, and employment checks to become a licensed Mortgage Loan Originator and when he applied for and received employment with Wells Fargo, N.A., in 2013, and had undergone numerous criminal background checks previously, Plaintiff agreed to undergo a criminal background check, which was conducted by Bank of America Corporate Security, a division and/or department of Bank of America.

26.     On October 31, 2016, Bank of America Corporate Security performed the criminal background check on the Plaintiff. On November 30, 2016, Plaintiff was informed by letter that Bank of America Corporate Security that the background check conducted indicated the information it received, "revealed information that may make you ineligible for the position you applied for." Attached to that letter is a report allegedly generated by the Federal Bureau of Investigation. On the report, it lists that Plaintiff was convicted of various misdemeanor offenses in September of 1993, some twenty-three years prior to the criminal background check. Additionally, the background check clearly indicated that, pursuant to California Penal Code section 1203.4(a), the convictions had been dismissed.

27.     Thus, in violation of the FCRA and ICRA, the investigative consumer report contained information on Plaintiff's misdemeanor convictions from 1993 (more than seven years prior to the report) which had be expunged from his record. As a result of the information contained in the investigative consumer report, obtained by Bank of America on October 31, 2016, Bank of America rescinded its offer of employment to Plaintiff causing him financial harm.

/ / /

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**
**FOR VIOLATION OF THE FEDERAL CREDIT REPORTING ACT**
**(Violation of 15 U.S.C. § 1681b(b)(2)(B) and 15 U.S.C. § 1681m)**
**(On Behalf of Plaintiff and Class I Against All Defendants)**

28. Plaintiff hereby incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

29. The Federal Credit Reporting Act, 15 U.S.C.A. § 1681 et seq. imposes limitations on the issuance of consumer reports.

30. The Act defines consumer reports as any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

31. Defendant is a person as defined by 15 U.S.C.A. § 1681a in that it furnished consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes and for employment purposes.

32. On or about October 31, 2016 and on other dates currently unknown to Plaintiff, Defendant issued consumer reports about Plaintiff and issued consumer reports regarding the other members of the class during the class period defined above for the purpose of serving as a factor in establishing the consumer's eligibility for or insurance to be used primarily for personal, family, or household purposes; or for employment purposes.

33. 15 U.S.C.A. § 1681c prohibits the issuance of consumer reports containing information about civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period and any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

34. Defendant violated 15 U.S.C.A. § 1681c by furnishing consumer reports regarding the Plaintiff and the Class I Members that contained information of records of arrest and other adverse item of information including criminal charges that were dismissed, that, from date of entry, antedated the report by more than seven years.

35. Defendant furnished consumer reports regarding the Plaintiff on or about October 31, 2016 and on other dates currently unknown that included information about a 1993 arrest and charges for false impersonation and driving with a suspended license. Both charges were dismissed, pursuant to Cal. Penal Code section 1203.4A.

36. Defendant wilfully violated 15 U.S.C.A. § 1681c by instituting a policy and practice of identifying arrests and the filing of criminal charges that did not result in a conviction and reporting those events indefinitely even when they predated the reports by more than seven years. Defendant knew or was recklessly indifferent to the legal prohibitions on reporting certain arrests, charges and other adverse information but intentionally crafted and implemented a policy to report such information in violation of the FCRA.

37. As the result of Defendant's willful violations of 15 U.S.C.A. §1681c Plaintiff and the class members are entitled to actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, punitive damages and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**FOR VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT, CIVIL CODE § 1786.18**
**(On behalf of the Plaintiff and the Class II Members Against Defendant Bank of America)**

38. Plaintiff hereby incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

39. California Civil Code §1786.18 prohibits an investigative credit reporting agency from making or furnishing any investigative consumer report containing records of arrest, indictment, information, misdemeanor complaint, or conviction of a crime that, from the date of disposition, release, or parole, antedate the report by more than seven years. These items of information shall no longer be reported if at any time it is learned that, in the case of a conviction, a full pardon has been granted or, in the case of an arrest, indictment, information, or misdemeanor complaint, a conviction did not result.

40. Bank of America violated California Civil Code §1786.18 on or about May 15, 2016 as to himself and on other dates currently unknown to Plaintiff as to the other members of the Class II, by issuing investigative consumer reports about Plaintiff and the Class II members containing records of arrest, indictment, information, misdemeanor complaint, or conviction of crimes that, from the date of disposition, release, or parole, antedated the report by more than seven years, including records from 1993 as to Plaintiff.

41. With respect to each of the aforementioned violations of the ICRAA provisions, Bank of America is liable to Plaintiff and the Class II members in the amount of the greater of the actual damages sustained as a result of the violations or $10,000 per violation pursuant to Civil Code § 1786.50 (a) (1).

42. Bank of America's violations were willful or grossly negligent within the meaning of Civil Code § 1786.50 (b), in that Bank of America knowingly failed to fulfill obligations without a good faith, reasonable belief in the legality of their actions.

43. Plaintiff, on behalf of himself and all other Class II members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**FOR VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.)**
**(On Behalf of the Plaintiff and Class II Members Against All Defendants)**

44. Plaintiff hereby incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

45. California Business and Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any "unlawful" and "unfair" business acts and practices. Defendants' acts and practices described in this Complaint constitute "unlawful" and "unfair" business acts and practices within the meaning of Business and Professions Code § 17200 *et seq*.

46. Defendants have engaged in "unlawful" business acts and practices by their violations of state and federal law by committing the acts as described above, including failing to provide Plaintiff and ICRAA Subclass members with a clear and conspicuous disclosure in a document consisting solely of the disclosure, a statement that the Plaintiff and class members may request additional disclosures concerning the nature and scope of the investigation for the consumer report, a summary of the rights of Plaintiff and Class members, a statement that Plaintiff and Class II members may dispute the accuracy of the consumer report,

and a copy of the consumer report following an adverse action or request for a copy as part of the application process. Plaintiff and the Class reserve the right to allege other violations of law which constitute unlawful acts or practices.

47. The violations of these laws serve as "unlawful" business practices for purposes of Business and Professions Code § 17200 *et seq*. and remedies are provided therein under Business and Professions Code § 17203.

48. Defendants have also engaged in "unfair" business acts or practices in that the harm caused by Defendants' wrongful conduct alleged above outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Plaintiff and Class members, and provides Defendants with an unfair competitive advantage over those employers and businesses that abide by the state and federal laws alleged to have been violated by Defendants herein.

49. As a result of the conduct described above, Plaintiff and the Class II have no other adequate remedy of law in that absent injunctive relief from the Court, Defendant is likely to continue to injure Plaintiff and Class II members, and thus engendering a multiplicity of judicial proceedings.

50. Pursuant to Business & Professions Code § 17203, Plaintiff and Class II members seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendants to correct their illegal conduct that is necessary and proper to prevent Defendants from repeating their illegal and wrongful practices as alleged above and to maintain the confidentiality of the information of Plaintiff and the Class II already obtained by Defendants way of their illegal and wrongful practices set forth above. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class II also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendants under Code of Civil Procedure § 1021.5 and other applicable law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests of this Court the following relief:

1. That the Court issue an Order certifying the classes and subclasses herein, appointing the named Plaintiff as a representative of all others similarly situated, and appointing Keegan & Baker LLP and

the United Employees Law Group, P.C., as counsel for members of the Classes;

2. For an Order requiring Defendants to identify each of the members of the classes and subclasses by name, home address, and home telephone number;

3. For the creation of an administrative process wherein each injured member of the classes and subclasses may submit a claim in order to receive his or her money;

4. For statutory, general, compensatory, and punitive damages for the classes and subclasses according to proof at trial;

5. An award of appropriate equitable relief, including but not limited to preliminary, permanent, and mandatory injunctive relief prohibiting the Defendants and their agents from committing further unlawful conduct in violation of the FCRA, ICRAA, and UCL;

6. Costs of suit, including attorneys fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, California Civil Code § 1786.50, California Code of Civil Procedure § 1021.5, and the common fund doctrine;

7. For interest at the legal rate of 10% per annum;

8. Such further relief as the Court deems just and proper.

Dated: February 2, 2017                                         KEEGAN & BAKER, LLP

                                                                s/ James M. Treglio
                                                                Patrick N. Keegan, Esq.
                                                                James M. Treglio, Esq.
                                                                Attorneys for Plaintiff SERGIO MARQUEZ

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class hereby demand a jury trial on all claims for relief and claims with respect to which they have a right to a jury trial.

Dated: February 2, 2017                                      KEEGAN & BAKER, LLP


                                                             s/ James M. Treglio
                                                             Patrick N. Keegan, Esq.
                                                             James M. Treglio, Esq.
                                                             Attorneys for Plaintiff SERGIO MARQUEZ