1  MCGUIREWOODS LLP
   Michael D. Mandel (SBN 216934)
2  1800 Century Park East
   8th Floor
3  Los Angeles, CA 90067-1501
   Telephone: 310.315.8200
4  Facsimile: 310.315.8210

5  Bryan A. Fratkin (admitted *pro hac vice*)
   Gateway Plaza
6  800 E. Canal Street
   Richmond, Virginia 23219
7  Telephone: 804.775.1000
   Facsimile: 804.775.1061
8
   *Attorneys for Defendant*
9  *Bank of America, N.A.*

10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    OAKLAND DIVISION

14

| 15 | SERGIO MARQUEZ, an individual, on behalf of himself and all others similarly situated, | CASE NO. 4:17-cv-00555-CW |
|---|---|---|
| 16 | | The Hon. Claudia Wilken |
| 17 | Plaintiff, | **DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 18 | vs. | |
| 19 | BANK OF AMERICA, N.A., | |
| 20 | Defendant. | Date: October 3, 2017<br>Time: 2:30 p.m. |
| 21 | | Crtrm.: 2 – 4th Floor |

-1-

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE THAT on October 3, 2017 at 2:30 p.m., or as soon thereafter as the matter may be heard by the United States District Court at 1301 Clay Street, Oakland, CA, 94612, in Courtroom 2 before the Honorable Claudia Wilken, Bank of America, N.A. will and hereby does move to dismiss all claims for relief asserted against it in Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is made on the grounds that each of the causes of action in the Complaint fails to state a claim for relief against Bank of America, N.A. as a matter of law.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the oral argument of counsel, and any other matters that may be presented to the Court before or at the hearing on the Motion.

DATED: September 1, 2017                    McGuireWoods LLP

By:  /s/ Michael D. Mandel
         Michael D. Mandel
         Attorneys for Defendant
         Bank of America, N.A.

# TABLE OF CONTENTS

Page

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL ALLEGATIONS | | 2 |
| III. | ARGUMENT | | 3 |
| | A. | Legal Standard | 3 |
| | B. | Plaintiff Has Not Stated A Claim For Relief – And Cannot State A Claim For Relief – Against the Bank Under The FCRA Or ICRAA Because The Bank Is Not A Consumer Reporting Agency. | 3 |
| | C. | Plaintiff Has Not Stated A Claim For Relief – And Cannot State A Claim For Relief – Under The FCRA Or ICRAA Because The Rule Prohibiting Reporting of Arrest Records Older Than Seven Years Does Not Apply Here. | 7 |
| | D. | Plaintiff Has Failed to State a Claim for Relief under the UCL. | 8 |
| | E. | The Complaint Should Be Dismissed With Prejudice Because Amendment Is Futile. | 11 |
| IV. | CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Arnold v. Capital One Servs., Inc.*,
　No. 3:10-CV-244, 2011 WL 864332 (E.D. Va. Mar. 10, 2011) .................................................8

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ..............................................................................................................3, 9

*Bank of Am. v. City and Cnty. of San Francisco*,
　309 F.3d 551 (9th Cir. 2002) ................................................................................................9, 10

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ....................................................................................................................3

*Dunford v. Am. DataBank, LLC*,
　64 F. Supp. 3d 1378 (N.D. Cal. 2014) (Alsup, J.) .......................................................................7

*Echols v. Morpho Detection, Inc.*
　No. 3:12-cv-01581-CW, 2013 WL 752629, at *5 (N.D. Cal. Feb. 27, 2013)............................5

*Hawkins v. S2Verify*,
　No. C 15-03502 WHA, 2016 WL 3999458 (N.D. Cal. July 26, 2016)........................................7

*Martin v. First Advantage Background Servs. Corp.*,
　877 F. Supp. 2d 754 (D. Minn. 2012) ........................................................................................8

*Mirfasihi v. Fleet Mortg. Corp.*,
　551 F.3d 682 (7th Cir. 2008)......................................................................................................6

*Mix v. JPMorgan Chase Bank, N.A.*,
　No. CV-15-01102, 2016 WL 5850362 (D. Ariz. Oct. 6, 2016) ..................................................8

*Moran v. Screening Pros, LLC*,
　No. 2:12-CV-05808-SVW-AG, 2012 WL 10655744 (C.D. Cal. Sept. 28, 2012) .....................10

*Moss v. U.S. Secret Serv.*,
　572 F.3d 962 (9th Cir. 2009).......................................................................................................3

*Multi-Denominational Ministry of Cannabis & Rastafari, Inc. v. Holder*,
　365 Fed. App'x 817 (9th Cir. 2010)..........................................................................................11

*Newton v. Bank of America, N.A.*,
　No. 2:14-cv-03714-CBM, 2015 WL 10435907 (C.D. Cal. May 12, 2015) ................................9

*Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, Inc.*,
　No. C 11-6648 SBA, 2012 WL 3155559, at *3 (N.D. Cal. July 31, 2012) ...............................10

*Roe v. LexisNexis Risk Sols. Inc*,
  No. CV 12-6284, 2013 WL 11246904 (C.D. Cal. Mar. 19, 2013) ..........................................10

*Serfess v. Equifax Credit Info. Servs., LLC*,
  No. 13-406, 2015 WL 12818830 (D.N.J. Aug. 27, 2015) ..............................................................6

*Starr v. Baca*,
  652 F.3d. 202 (9th Cir. 2011) ..............................................................................................3

*Wang v. Asset Acceptance LLC*,
  No. C 09-04797 SI, 2010 WL 2985503 (N.D. Cal. July 27, 2010) ..............................................3

*Washington v. CSC Credit Servs.*,
  199 F.3d 263 (5th Cir. 2000) .............................................................................................10

*White v. Soc. Sec. Admin.*,
  111 F. Supp. 3d 1041 (N.D. Cal. 2015) ...............................................................................3

*Wiggins v. Philip Morris, Inc.*,
  853 F. Supp. 470 (D.D.C. 1994) .........................................................................................3

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) ............................................................................................8

**State Cases**

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal.4th 163 (1999) ........................................................................................................8

**Federal Statutes**

12 U.S.C.
  § 1829(a)(1)(A) ...................................................................................................................8

15 U.S.C.
  § 1681a(d) ......................................................................................................................2, 5
  § 1681a(e) ...........................................................................................................................2
  § 1681a(f) .......................................................................................................................4, 6
  § 1681b(b) ..........................................................................................................................3
  § 1681b(b)(2) .................................................................................................................4, 9
  § 1681b(b)(2)(B) ................................................................................................................4
  § 1681c ............................................................................................................................5, 6
  § 1681c(a) ..................................................................................................................4, 5, 6, 7
  § 1681c(b) ..........................................................................................................................7
  § 1681c(f) ............................................................................................................................5
  § 1681e(b) ..........................................................................................................................5
  § 1681k(a) ..........................................................................................................................5
  § 1681m ..........................................................................................................................3, 4
  § 1681m(a) .......................................................................................................................10

§ 1681t(b) ...........................................................................................................................10
§ 1681t(b)(1)(C) ................................................................................................................10

**State Statutes**

Cal. Bus. & Prof. Code
§ 17200 ...............................................................................................................................8

Cal. Civ. Code
§ 1781. ................................................................................................................................1
§ 1786.2(c) .........................................................................................................................2
§ 1786.2(d) .....................................................................................................................4, 6
§ 1786.16 ........................................................................................................................4, 9
§ 1786.18(a) ..............................................................................................................4, 5, 8
§ 1786.18(b)(2) ..................................................................................................................7
§ 1786.40 ............................................................................................................................4

Cal. Pen. Code
§ 1203.4(a) .........................................................................................................................2

**Rules**

Fed. R. Civ. Proc.
Rule 8(a) .............................................................................................................................3
Rule 12(b)(6) ..................................................................................................................3, 9

**Regulations**

12 C.F.R.
§ 34.101 ..............................................................................................................................8
§ 34.104(h) .........................................................................................................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff asserts claims against Bank of America, N.A. (the "Bank") based on the Bank allegedly not hiring him for a position as a mortgage loan officer because a misdemeanor conviction from 1993 appeared on an "investigative consumer report."  But Plaintiff's Complaint fails to state a claim for relief for three separate and independent reasons.

First, Plaintiff confuses the obligations of "consumer reporting agencies" that prepare and furnish consumer reports and the *users* of those reports.  Plaintiff's claims are based entirely on alleged violation of the rules governing the content of consumer reports, i.e., the inclusion of criminal history that is more than seven years old.  But those restrictions regulate the *consumer reporting agencies* that *create* consumer reports, ***not*** employers who use such consumer reports.  Plaintiff does not allege that the Bank is a consumer reporting agency or prepared the consumer report, nor could he.  Rather, as Plaintiff alleges, the Bank *uses* consumer reports that it obtains from third-party consumer reporting agencies to evaluate applicants for employment.  Neither the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), nor California's Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1781, et seq.  ("ICRAA"), impose any liability on the *users* of consumer reports that contain stale arrest information.  Plaintiff therefore does not, and cannot, state a claim against the Bank under the FCRA or ICRAA.

Second, both the FCRA and the ICRAA contain exceptions to the general prohibition against including arrest information that is more than seven years old that bar Plaintiff's claims.  Specifically, consumer reports may contain such information when they pertain to individuals applying for a position that pays at least $75,000 a year, or when used by an employer who is required by federal or state law to check for older criminal history records.  Plaintiff's allegations make clear that his position with the Bank meets both criteria.

Third, Plaintiff's claim under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"), fails because (1) he provides no factual support for an underlying wrongful act, and (2) the FCRA preempts claims for injunctive relief under the UCL.

For the foregoing reasons, and as discussed further below, the Bank requests that the Court dismiss the Complaint in its entirety. Moreover, because Plaintiff cannot remedy the defects of the Complaint through any amendment, the Court should dismiss the Complaint without leave to amend and with prejudice.

## II.     FACTUAL ALLEGATIONS

Plaintiff alleges that he applied for a position as a mortgage loan originator at the Bank in October 2016. (Compl. ¶ 4.) The Bank offered him a position paying approximately $120,000 a year, contingent on the successful completion of a background check. (Compl. ¶ 5.) The Bank routinely requires applicants to complete various background checks before starting employment, and the background check the Bank obtained on Plaintiff is a "consumer report" and an "investigative consumer report" under the FCRA and the ICRAA.[1] (Compl. ¶¶ 8 & 24.) Plaintiff makes clear in several allegations that the Bank "obtains" and "receives" consumer reports from third-parties that it uses to evaluate applicants. (Compl. ¶¶ 1, 6, 7, 15, 26, 27.)

Plaintiff alleges that, after the Bank obtained the results of his consumer report, it sent him a letter informing him that information included in the report may make him ineligible for his position. (Compl. ¶ 26.) Plaintiff contends that the consumer report that the Bank received included a report from the Federal Bureau of Investigation that contained several misdemeanor charges dating from 1993. (*Id.*) He alleges that the report noted that those charges had been expunged from his record pursuant to Cal. Pen. Code § 1203.4(a). (*Id.*) Plaintiff contends that the Bank rescinded its offer of employment because of the criminal history information in the report. (Compl. ¶¶ 26-27.)

In addition to his individual claims, Plaintiff seeks to represent two putative classes, one that is nationwide and one that is limited to California residents. Both purport to consist of

---

[1] The definitions of a "consumer report" under the FCRA and an "investigative consumer report" under the ICRAA are substantively identical. *Compare* 15 U.S.C. § 1681a(d) *with* Cal. Civ. Code § 1786.2(c). The definitions differ from an "investigative consumer report" under the FCRA, which is a consumer report that includes information obtained through personal interviews. *See* 15 U.S.C. § 1681a(e). For purposes of this motion, the Bank uses the term "consumer report" to refer to all three types of reports.

-2-

applicants for jobs with the Bank who were allegedly the subject of consumer reports containing criminal history information more than seven years old and who suffered an adverse employment action by the Bank.  (Compl. ¶ 11.)

## III.     ARGUMENT

### A.     Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint under the pleading standards of Rule 8(a).  *See White v. Soc. Sec. Admin.*, 111 F. Supp. 3d 1041, 1049 (N.D. Cal. 2015) (Tigar, J.).  A court must dismiss a complaint if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  In determining whether a complaint meets this standard, the court must take the complaint's well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the plaintiff.  *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The court need not, however, accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.  *See id.*  Further, so as to not unfairly subject the defendant to the expenses associated with discovery and continued litigation, the factual allegations of the complaint must plausibly suggest an entitlement to relief.  *See Starr v. Baca*, 652 F.3d. 202, 1216 (9th Cir. 2011).

### B.     **Plaintiff Has Not Stated A Claim For Relief – And Cannot State A Claim For Relief – Against the Bank Under The FCRA Or ICRAA Because The Bank Is Not A Consumer Reporting Agency.**

The FCRA and the ICRAA impose different obligations on different types of entities.  *See Wang v. Asset Acceptance LLC*, No. C 09-04797 SI, 2010 WL 2985503, at *2 (N.D. Cal. July 27, 2010) (Illston, J.) ("The FCRA imposes obligations on three types of entities: CRAs [consumer reporting agencies], users of consumer reports, and furnishers of information to CRAs."); *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 470, 482 (D.D.C. 1994) ("[T]he Act imposes different obligations upon consumer reporting agencies that provide consumer credit information and users of consumer reports.").  Under the FCRA, 15 U.S.C. §§ 1681b(b) and 1681m set forth the

requirements on the use of consumer reports for employment purposes.  Among other things, these sections address notices and disclosures that a *user* of a consumer report, such as an employer, must make before it obtains a consumer report or takes an adverse action based on a consumer report.  *See, e.g.*, 15 U.S.C. § 1681b(b)(2) (employers must disclose in a document consisting solely of the disclosure that they will obtain a consumer report); *id.* § 1681m (employers must provide written notice when taking an adverse action based on information in a consumer report and must provide a copy of the report).  The ICRAA contains similar requirements in Cal. Civ. Code §§ 1786.16 and 1786.40.

Different sections of the FCRA and the ICRAA govern consumer reporting agencies, and the contents of the reports that they generate.  A consumer reporting agency is defined as any person, who, for money, "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties."  15 U.S.C. § 1681a(f); *see also* Cal. Civ. Code § 1786.2(d) (defining investigative consumer reporting agencies similarly).  Many of the sections that regulate consumer reporting agencies address the information that may appear in a consumer report.  For example, as relevant to this matter, 15 U.S.C. § 1681c(a) and Cal. Civ. Code § 1786.18(a) prohibit consumer reporting agencies from preparing reports that include records of arrest that predate the report by more than seven years.

Here, Plaintiff claims that the Bank acted unlawfully when, while evaluating him for possible employment, it obtained a consumer report containing Plaintiff's 1993 arrest records.  This charge, however, fails to state a claim because the requirements governing the content of consumer reports fall on the *consumer reporting agencies* that create and furnish the reports, not the *users* of the reports.[2]  The statutes could not be clearer on this.  The FCRA provides that "no

---

[2] Plaintiff styled Count I as a violation of §§ 1681b(b)(2)(B) and 1681(m)—as opposed to § 1681c(a)—but all of the substantive allegations in Count I, and indeed throughout the Complaint, address the seven-year requirement in § 1681c(a).  In Count III—Plaintiff's UCL claim—Plaintiff makes a brief and conclusory assertion that the Bank violated various disclosure

-4-

1  *consumer reporting agency* may make any consumer report containing" the prohibited
2  information.  15 U.S.C. § 1681c(a) (emphasis added).  And the ICRAA similarly states that "an
3  *investigative consumer reporting agency* may not make or furnish any investigative consumer
4  report containing any of the following items of information . . . ."  Cal. Civ. Code § 1786.18(a)
5  (emphasis added).

6        This Court previously has recognized this distinction.  In *Echols v. Morpho Detection, Inc.*,
7  the plaintiff alleged that a potential employer violated various sections of the FCRA, including 15
8  U.S.C. § 1681c, when using a consumer report to evaluate him for employment.  No. 3:12-cv-
9  01581-CW, 2013 WL 752629, at *5 (N.D. Cal. Feb. 27, 2013) (Wilken, J.).  This Court granted
10 the employer's motion to dismiss on the ground that the challenged sections apply only to
11 consumer reporting agencies and *not* employers who use the reports.  *See id.* at *6.  In doing so,
12 the Court cited numerous sections of the FCRA that create obligations unique to consumer
13 reporting agencies.  *Id.* ("[T]hese code sections impose obligations on 'consumer reporting
14 agencies' and not on 'users of the information.'") (citing 15 U.S.C. § 1681k(a) ("A *consumer
15 reporting agency* which furnishes a consumer report for employment purposes . . . shall . . .
16 maintain strict procedures designed to insure that whenever public record information which is
17 likely to have an adverse effect on a consumer's ability to obtain employment is reported it is
18 complete and up to date.") (emphasis added); 15 U.S.C. § 1681e (b) ("Whenever a *consumer
19 reporting agency* prepares a consumer report it shall follow reasonable procedures to assure
20 maximum possible accuracy . . . .") (emphasis added); 15 U.S.C. § 1681c(f) ("If a *consumer
21 reporting agency* is notified pursuant to section 623(a)(3) that information regarding a consumer
22 who was furnished to the agency is disputed by the consumer, the agency shall indicate that fact in
23 each consumer report that includes the disputed information.") (emphasis added).  As with the
24 sections at issue in *Echols*, the text of 15 U.S.C. § 1681c(a) is clear that it addresses only
25 "consumer reporting agencies."

26 _____

27 and notice provisions found in 15 U.S.C. §§ 1681b(b)(2) and 1681m.  The reasons why these
    allegations fail to state a claim are addressed in Section III.B, *infra*.
28

Plaintiff does not allege that the Bank is a consumer reporting agency.[3] Plaintiff alleges that the Bank "furnished" and "issued" consumer reports, but the Complaint contains no factual allegation to support a claim that the Bank meets any of the elements in the definition of a consumer reporting agency. That is, there are no allegations that the Bank "regularly assembles or evaluates consumer information," "for a fee," "for the purpose of furnishing consumer reports to third-parties." 15 U.S.C. § 1681a(f). Plaintiff's conclusory allegations that the Bank "furnished" consumer reports also contradict his other statements that the Bank "obtained" and "received" the consumer reports. Should Plaintiff seek leave to amend the Complaint to include allegations that the Bank is a consumer reporting agency because it also *prepares* the reports it uses (which is not correct), such amendment would be futile. By definition, a consumer reporting agency must prepare consumer reports for *third-parties*. *See* 15 U.S.C. § 1681a(f); Cal. Civ. Code § 1786.2(d). Indeed, numerous courts have held that banks are not consumer reporting agencies as a matter of law. *See Serfess v. Equifax Credit Info. Servs., LLC*, No. 13-406, 2015 WL 12818830, at *1 (D.N.J. Aug. 27, 2015) (Bank of America not a consumer reporting agency); *Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682, 686 (7th Cir. 2008) ("[Defendant] is not a consumer reporting agency—it is a bank.").

To the extent Plaintiff argues that the Bank violated the FCRA or the ICRAA by using a report that contained information more than seven years old, the statutes simply do not contain any such prohibition. *See* FTC, *40 Years of Experience with the Fair Credit Reporting Act*, at 55 (July 2011) ("[Section 1681c(a)] applies only to reporting by CRAs [consumer reporting agencies] *and does not limit creditors or others from using adverse obsolete information*."). Not surprisingly, there does not appear to be a single case in which a court applied § 1681c to a user of consumer reports.[4]

---

[3] Plaintiff confusingly states that the Bank is a "person" as defined by the FCRA, before reciting the definition of a consumer report. *See* Compl. ¶ 31; 15 U.S.C. § 1681a(d).

[4] In fact, and as further explained below, financial institutions such as the Bank are *required* to conduct background checks on mortgage loan originators that examine the individual's

In sum, Plaintiff's Complaint fails to account for the different roles and obligations of consumer reporting agencies and the users of consumer reports. Accordingly, Counts I and II fail to state a claim for relief and should be dismissed, without leave to amend and with prejudice.

### C. Plaintiff Has Not Stated A Claim For Relief – And Cannot State A Claim For Relief – Under The FCRA Or ICRAA Because The Rule Prohibiting Reporting of Arrest Records Older Than Seven Years Does Not Apply Here.

Even if Plaintiff could establish that the Bank is somehow a "consumer reporting agency," Plaintiff has not stated a claim for relief and cannot state a claim for relief under the FCRA or ICRAA against the Bank because the rule prohibiting the reporting of arrest records older than seven years does not apply here. Rather, Plaintiff falls under exceptions to the general rule.

Under the FCRA, the rule prohibiting consumer reporting agencies from including arrest records that are more than seven years old does *not* apply when the consumer reporting agency generates the report for use in connection with "the employment of any individual at an annual salary which equals, or which may reasonably be expected to equal $75,000, or more." 15 U.S.C. § 1681c(a).[5] *See also Hawkins*, 2016 WL 3999458, at *1; *Dunford v. Am. DataBank, LLC*, 64 F. Supp. 3d 1378, 1392 (N.D. Cal. 2014) (Alsup, J.). Because Plaintiff alleges that he expected to make $120,000 a year with the Bank, he cannot assert a claim under § 1681c(a).

Similarly, the ICRAA provides an exception to the seven-year rule when a consumer report is to be used by an employer who is required "by a governmental regulatory agency to check for records that are prohibited by subdivision (a) . . . ." Cal. Civ. Code § 1786.18(b)(2).

---

entire criminal history, without any seven-year limitation.

[5] Although § 1681c(b) uses the term "consumer credit report" instead of "consumer report," the FTC and interpreting courts have made clear that the exception addresses all consumer reports. *See* FTC, *40 Years of Experience with the Fair Credit Reporting Act*, at 58 ("Notwithstanding the words 'consumer credit report' in Section [1681c(b)], the exemptions apply to any 'consumer report' . . . obtained in connection with insurance and employment transactions meeting the dollar limits specified in subsections (2) and (3)."); *Hawkins v. S2Verify*, No. C 15-03502 WHA, 2016 WL 3999458, at *1 (N.D. Cal. July 26, 2016) (Alsup, J.) ("The FCRA provides certain exceptions to this prohibition, however, including where a *consumer report* is prepared in connection with the employment of any individual at an annual salary which equals, or which may reasonably be expected to equal $75,000, or more.") (emphasis added).

-7-

1  Various federal requirements prohibit financial institutions from employing as mortgage loan
2  originators individuals with certain criminal histories, regardless of the year of offense.  The
3  Federal Institutions Reform, Recovery, and Enforcement act of 1989 ("FIRREA") prohibits "any
4  person who has been convicted of any criminal offense involving dishonesty or a breach of trust or
5  money laundering, or has agreed to enter into a pretrial diversion or similar program in connection
6  with a prosecution for such offense" from "participat[ing], directly or indirectly, in the conduct of
7  the affairs of any insured depository institution." 12 U.S.C. § 1829(a)(1)(A).  Additionally,
8  regulations implementing the SAFE Act require that mortgage loan originators be licensed and
9  registered in a national registry, a process that involves submitting detailed criminal record
10 history.  *See* 12 C.F.R. §§ 34.101, 34.104(h); *see also Martin v. First Advantage Background*
11 *Servs. Corp.*, 877 F. Supp. 2d 754, 759 (D. Minn. 2012) (discussing requirements for mortgage
12 loan originators).  These federally-imposed limitations on who may work as a mortgage loan
13 originator do not contain any exceptions based upon the date of the applicant's criminal history
14 information.[6]  As such, *any* background check in connection with Plaintiff's application for
15 employment as a mortgage loan originator with the Bank was exempt from the provision
16 governing older arrest record information in § 1786.18(a).  Accordingly, Plaintiff has failed to
17 state a claim for relief under the ICRAA, and cannot do so as a matter of law.  The Court should
18 dismiss this claim without leave to amend and with prejudice.

19         **D.      Plaintiff Has Failed to State a Claim for Relief under the UCL.**

20         In Count III, Plaintiff seeks injunctive relief under the UCL.  The UCL makes actionable
21 any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.
22 "The UCL borrows violations of other laws and treats them as unlawful practices that the unfair

---

[6] The FBI prepares reports that include comprehensive criminal history information to facilitate these required searches.  Background checks prepared by the FBI are not consumer reports. *See Mix v. JPMorgan Chase Bank, N.A.*, No. CV-15-01102, 2016 WL 5850362 (D. Ariz. Oct. 6, 2016) (granting summary judgment on issue that FBI criminal history information provided to employer is not a consumer report); *Arnold v. Capital One Servs., Inc.*, No. 3:10-CV-244, 2011 WL 864332, at *4 (E.D. Va. Mar. 10, 2011) (granting motion to dismiss on issue that FBI report is not a consumer report).

competition law makes independently actionable." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (internal quotations and citation omitted).  Claims under the UCL are limited to injunctive or other equitable relief.  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 179, 83 Cal. Rptr. 2d 548, 973 P.2d 527 (1999) ("Prevailing plaintiffs are generally limited to injunctive relief and restitution," and "may not receive damages . . . or attorney fees.").

In Count III, Plaintiff alleges that the Bank failed to provide him

> with a clear and conspicuous disclosure in a document consisting solely of the disclosure, a statement that the Plaintiff and class members may request additional disclosures concerning the nature and scope of the investigation for the consumer report, a summary of the rights of Plaintiff and Class members, a statement that Plaintiff and Class II members may dispute the accuracy of the consumer report, and a copy of the consumer report following an adverse action or request for a copy as part of the application process.

(Compl. § 46.)  Although the statutes are not referenced, these allegations apparently refer to provisions in the FCRA and ICRAA concerning required disclosures and notices.  *See* 15 U.S.C. §§ 1681b(b)(2); 1681m(a); Cal. Civ. Code § 1786.16.  Thus, Plaintiff appears to base his UCL claim on violations of these provisions.  However, Plaintiff's UCL claim is subject to dismissal for two independent reasons.

First, Plaintiff provides no facts regarding the required disclosure or notices.  Plaintiff does not so much as identify the disclosure form or notices the Bank used, much less provide facts that in any way suggest that they are unlawful.[7]  Instead, Plaintiff simply notes in serial fashion the various statutory requirements.  (Compl. ¶ 46.)  Such bare recitations of the elements of a claim are insufficient to survive a challenge under Rule 12(b)(6).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  Accordingly, Plaintiff's UCL claim should be dismissed.

---

[7] The Bank's disclosure form has previously been upheld as lawful under the FCRA.  *See Newton v. Bank of America, N.A.*, No. 2:14-cv-03714-CBM, 2015 WL 10435907 (C.D. Cal. May 12, 2015).

-9-

Second, the FCRA preempts state law claims by private litigants for injunctive relief. "Preemption may be implied when state law actually conflicts with federal law." *Bank of Am. v. City and Cnty. of San Francisco,* 309 F.3d 551, 558 (9th Cir. 2002). A conflict arises "when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* Here, Congress has made clear its intent to vest in the FTC the exclusive power to seek injunctive relief for FCRA violations. As stated by the Fifth Circuit:

> the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC.

*Washington v. CSC Credit Servs.,* 199 F.3d 263, 268 (5th Cir. 2000).

At least three courts within this Circuit have followed *Washington* and found that the FCRA preempts claims by private litigants for injunctive relief under the UCL. *See Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, Inc.*, No. C 11-6648 SBA, 2012 WL 3155559, at *3 (N.D. Cal. July 31, 2012) (Armstrong, J.) (dismissing UCL claim and stating that "although private litigants may maintain a claim for damages under the FCRA, only the Federal Trade Commission is empowered by statute to seek equitable relief"); *Roe v. LexisNexis Risk Sols. Inc*, No. CV 12-6284, 2013 WL 11246904, at *6 (C.D. Cal. Mar. 19, 2013) (dismissing UCL claim as preempted); *Moran v. Screening Pros, LLC*, No. 2:12-CV-05808-SVW-AG, 2012 WL 10655744, at *8 (C.D. Cal. Sept. 28, 2012) ("[A]llowing private litigants to enforce provisions of the FCRA by injunction through a state law vehicle would constitute an end-run around Congress's clear intent that the power to enforce the FCRA must rest with the FTC alone."). Accordingly, the FCRA impliedly preempts Plaintiff's UCL claim in Count III, and the Court should dismiss the UCL claim.

Additionally, to the extent Plaintiff bases his UCL claim on a failure to send adverse action notices as required under 15 U.S.C. § 1681m(a), the FCRA expressly preempts any such claim. Section 1681t(b) prevents state laws from imposing requirements or prohibitions relating to specific subject matter, including the adverse action notice provisions that Plaintiff appears to include in his UCL claim. *See* 15 U.S.C. § 1681t(b)(1)(C) (preempting adverse action notice

provision requirements contained in § 1681m(a)).  For this additional reason, a UCL claim based on adverse action notices is preempted.

Finally, to the extent that Plaintiff intended to premise his UCL claim on the violations alleged in Counts I and II, the UCL claim must be dismissed for the same reasons as discussed in Sections A and B, *supra.*

### E. The Complaint Should Be Dismissed With Prejudice Because Amendment Is Futile.

Plaintiff's claims should be dismissed with prejudice because he cannot state a claim for relief against the Bank, and Plaintiff cannot amend the Complaint to do so.  *See Multi-Denominational Ministry of Cannabis & Rastafari, Inc. v. Holder*, 365 Fed. App'x 817, 819 (9th Cir. 2010).  The Complaint's shortcomings are not mere pleading deficiencies.  Instead, they represent a fundamental misapplication of the legal obligations under the FCRA and ICRAA.  The FCRA and ICRAA simply do not create any possible liability for the Bank based upon Plaintiff's allegations.  The rule that prohibits the inclusion of criminal history dating back more than seven years in consumer reports does not create any liability for the Bank as a user of such reports.  And, exceptions applicable to the job for which Plaintiff was applying would bar his claims even if the rule could apply to the Bank.  Additionally, the FCRA preempts Plaintiff's UCL claim as a matter of law.  These are legal obstacles to Plaintiff's claims that no amendment could cure.  Moreover, the Bank's counsel met and conferred with Plaintiff's counsel prior to the Bank filing this Motion to give Plaintiff the opportunity to dismiss the Complaint or, at a minimum, re-plead different claims, but Plaintiff's counsel declined to do so.  Accordingly, the Bank respectfully requests that the Court grant its Motion and dismiss Plaintiff's claims with prejudice and without leave to amend.

///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, the Bank respectfully requests that the Court grant its Motion and dismiss Plaintiff's claims with prejudice and without leave to amend.

DATED: September 1, 2017        McGuireWoods LLP

By:  /s/ Michael D. Mandel
       Michael D. Mandel
    Attorneys for Defendant
    Bank of America, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 1, 2017 at Los Angeles, California.


                /s/ Michael D. Mandel
                MICHAEL D. MANDEL